**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4471**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DANIEL K. LEGGETTE,

Defendant – Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.   Robert C. Chambers, District Judge.  (3:09-cr-00176-1)

Submitted: September 30, 2010      Decided: February 22, 2011

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Gregory J. Campbell, CAMPBELL LAW OFFICES, Charleston, West Virginia, for Appellant.  Lisa Grimes Johnston, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Daniel K. Leggette pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a) (2006). The district court sentenced him to 188 months in prison. Leggette now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but arguing that Leggette's sentence is unreasonable. Although he was advised of his right to file a pro se supplemental brief, Leggette has not filed such a brief. The Government moves to dismiss the appeal based on Leggette's waiver of his appellate rights. Leggette has responded to the motion. We affirm in part and dismiss in part.

A defendant may waive his right to appeal if the waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). To determine whether a waiver is valid, we examine the totality of the circumstances. Relevant factors include the experience, conduct, and educational background of the accused, his familiarity with the plea agreement, whether the plea agreement sets forth the terms of the waiver in clear and unambiguous terms, and whether the district court adequately questioned the defendant about the waiver. United States v. General, 278 F.3d 389, 400-01 (4th

2

Cir. 2002); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. Manigan, 592 F.3d at 626.

After reviewing the record, we conclude that Leggette knowingly and voluntarily waived the right to appeal his sentence. Further, the issue raised on appeal falls within the scope of the waiver provision in the plea agreement. We therefore grant the Government's motion and dismiss Leggette's appeal of his sentence.

Although the waiver precludes our review of Leggette's claim of sentencing error, the waiver does not apply to his conviction. Our review of the transcript of the plea colloquy convinces us that the district court fully complied with the mandates of Fed. R. Crim. P. 11 in accepting Leggette's guilty plea. The court ensured that the plea was voluntary, knowing, and supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore affirm the conviction.

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm Leggette's conviction and dismiss his appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART
